IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

SUSAN A. SHORT, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-11-044-RAW
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
 )
        Defendant. )

**REPORT AND RECOMMENDATION**

Plaintiff Susan A. Short (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 24, 1957 and was 52 years old at the time of the ALJ's decision. Claimant completed her GED and completed a certified nursing assistant ("CNA") program. Claimant has worked in the past as a CNA. Claimant alleges an inability to

work beginning March 15, 2007 due to limitations resulting from COPD, back problems, shoulder problems, an inability to hear in her right ear, and foot problems.

### Procedural History

On July 11, 2007, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On July 6, 2009, an administrative hearing was held before ALJ Osly F. Deramus in McAlester, Oklahoma. On September 25, 2009, the ALJ issued an unfavorable decision on Claimant's application. On January 5, 2011, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of sedentary work.

### Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) improperly

evaluating Claimant's RFC by not including all restrictions; (2) improperly rejecting the medical source statement of Plaintiff's treating physician; (3) failing to consider the vocational expert's testimony when all of Claimant's limitations were included in the hypothetical questioning; and (4) applying the Grids.

## Consideration of Medical Source Statement

Claimant contends the ALJ failed to provide adequate weight to the opinion of Claimant's treating physician, Dr. Chris Mitchell. In his decision, the ALJ determined Claimant suffered from the severe impairments of COPD, chronic neck pain, and chronic low back pain. (Tr. 14). He concluded that Claimant retained the RFC to perform a full range of sedentary work. (Tr. 16). The ALJ recognized the Medical Source Statement completed by Dr. Mitchell on May 19, 2008. He states that Dr. Mitchell's statement places Claimant's RFC "somewhat below sedentary by indicating she is not able to walk for two hours of an eight-hour work day." (Tr. 18-19). He found the evidence "does not support such stringent limitations." Id.

The ALJ cites to certain portions of the record to support this conclusion. He states Claimant underwent successful surgery on her foot and that a CT scan of Claimant's lumbar spine showed only mild degenerative changes at L-4/L-5. (Tr. 19). The ALJ also

5

determined Claimant's activities did not support "such stringent limitations." He found she lived with her husband, performed household chores such as cooking and cleaning, and fished, either standing or from a boat. (Tr. 19).

The totality of Dr. Mitchell's report is more extensive. He determined Claimant could occasionally lift and/or carry 10 pounds, frequently lift and/or carry 10 pounds, walking less than 2 hours in an 8 hour workday, and have limited pushing and pulling in her upper extremities. (Tr. 524-25). In his narrative, Dr. Mitchell states

> Patient is unable to walk a long distance, can only walk for a short time, due to dyspnea with exertion, due to her asthma & COPD. She is unable to lift or pull, due to neck & shoulder. She is on oxygen.

Dr. Mitchell also limited Claimant to occasional balancing, kneeling, crouching, and crawling. He also found Claimant could never climb, due to dyspnea. (Tr. 525).

Dr. Mitchell limited Claimant in reaching in all directions, handling, and fingering. He describes Claimant's limitations in stating "difficulty reaching due to neck & shoulder pain. Decreased fine motor skills in upper extremities, due to C-spine damage." Dr. Mitchell also found Claimant restricted in her hearing, noting Claimant had undergone 13 surgeries on her right ear.

6

Dr. Mitchell also found environmental limitations in Claimant's conditions. He found she should be limited in exposure to temperature extremes, dust, humidity/wetness, and fumes, odors, chemicals, and gases. He explains these limitations in stating "patient has increased dyspnea with temp. extremes, dust, or allergens." (Tr. 526).

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the

nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

While the ALJ sets out the Watkins factors, it is not apparent from the decision that the ALJ went through the required Watkins analysis. Certainly, the ALJ fails to state the weight he provided to Dr. Mitchell's opinions. If he outright rejected the opinions

of this treating physician as it appears he has done, he failed to explain the basis for the rejection of the totality of Dr. Mitchell's opinions, instead picking out two limitations out of several identified by Dr. Mitchell to criticize. In short, the ALJ failed to adequately explain his rejection of Dr. Mitchell's opinions and the weight given to those opinions, even if reduced. On remand, the ALJ shall re-evaluate Dr. Mitchell's opinions.

### RFC Evaluation

Claimant asserts the ALJ failed to include all of her restrictions in his RFC findings. Since many of these restrictions were identified by Dr. Mitchell in his Medical Source Statement but not discussed by the ALJ, the RFC findings are not adequately supported as Dr. Mitchell's statement and attendant restrictions were not included or discussed. On remand, the ALJ shall re-examine his findings on Claimant's RFC in light of Dr. Mitchell's restrictions.

### Vocational Expert Questioning

Again, the basis for this contention of error is that the ALJ failed to include all of Claimant's limitations identified by Dr. Mitchell in his questioning of the vocational expert. Since the vocational expert stated that employment would be precluded if the limitations were included, Claimant contends the inclusion of the

limitations would have contradicted the ALJ's ultimate finding that Claimant could work. On remand, the ALJ shall modify his questioning of the vocational expert to include all of Claimant's limitations, if he concludes that Dr. Mitchell's restrictions are supported by the record.

**Application of the Grids**

Claimant also contends the ALJ improperly applied the Grids. In a statement at the conclusion of his decision, the ALJ curiously states "a finding of 'not disabled' is reached by direct application of Medical-Vocational Rule 201.22 and Rule 201.15." (Tr. 21). No justification or explanation is given for this application. If the additional limitations are included as found by Dr. Mitchell in Claimant's RFC, the application of the Grids would be inappropriate. On remand, the ALJ shall re-evaluate his findings in this regard.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties

are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 28th day of February, 2012.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE